

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00062-CV

---

IN THE INTEREST OF A.S., A CHILD

---

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 20-09-26357, Honorable Pat Phelan, Presiding

---

June 30, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

In this accelerated appeal, appellant, "Mother," appeals from the trial court's final order terminating her parental rights to her son, A.S.[1]  By a single issue, Mother raises a jurisdictional challenge.  We affirm the trial court's order of termination.

---

[1] To protect the privacy of the parties involved, we will refer to the appellant as "Mother," to the child's father as "Father," and to the child by his initials.  *See* TEX. FAM. CODE. ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).  Father's parental rights were also terminated in this proceeding.  Father does not appeal.

## BACKGROUND

Because Mother does not challenge the sufficiency of the evidence to support the grounds for termination or the best interest finding, we will discuss only the facts necessary to resolve the issue on appeal.

In October of 2020, the Texas Department of Family and Protective Services filed a petition to terminate Mother's parental rights to her son, A.S. The case proceeded to trial before the associate judge in August of 2021. Mother appeared through her appointed counsel.[2] After hearing evidence, the associate judge terminated Mother's parental rights. Mother timely requested a de novo hearing before the referring court.

A de novo hearing was held on August 12, 2021. The referring court terminated Mother's parental rights to A.S. on the grounds of endangering conditions, endangerment, and failure to comply with a court order that established actions necessary to retain custody of the child. *See* § 161.001(b)(1)(D), (E), (O).[3] The referring court also found that termination was in the best interest of A.S. *See* § 161.001(b)(2). The Department was appointed managing conservator of A.S.

Mother timely filed a notice of appeal on August 31, 2021.[4]

---

[2] The record shows that Mother was represented throughout these proceedings by an attorney ad litem appointed prior to the adversary hearing. *See* TEX. FAM. CODE ANN. § 107.013(a)(1) (requiring appointment of attorney ad litem for indigent parent who responds in opposition to the termination suit).

[3] Further references to provisions of the Texas Family Code will be by reference to "section __" or "§ ___."

[4] The Hockley County District Clerk's office failed to send a copy of the notice of appeal to the Clerk of this Court until March 7, 2022. *See* TEX. R. APP. P. 25.1(f).

## ANALYSIS

In her sole issue on appeal, Mother asserts the courts below erred in conducting a final hearing and de novo hearing because there was no evidence that Mother had been personally served with citation or served by an alternative method of service.

Personal jurisdiction is a necessary component of a valid judgment and it is dependent "upon citation issued and served in a manner provided for by law." *In re E.R.,* 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)). Whether a trial court has personal jurisdiction over a party is a question of law that we review de novo. *E.H. v. Tex. Dep't of Fam. & Protective Servs.,* No. 03-21-00576-CV, 2022 Tex. App. LEXIS 2190, at *14 (Tex. App.—Austin April 5, 2022, no pet.) (mem. op.).

In a suit seeking to terminate parental rights, the Texas Family Code provides that (1) citation is required on each parent as to whom the parent-child relationship has not been terminated or process has not been waived under Chapter 161, and (2) citation shall be issued and served as in other civil cases. *See* § 102.009(a)(7), (c). If a parent of a child has not been properly served in a suit in which the Department seeks termination, the trial court lacks personal jurisdiction over the parent and any resulting judgment is void. *See In re C.T.,* No. 13-12-00006-CV, 2012 Tex. App. LEXIS 10746, at *30–31 (Tex. App.—Corpus Christi Dec. 27, 2012, no pet.) (mem. op.).

After Mother filed her appellate brief, the Department filed a supplemental clerk's record which contains the deputy sheriff's completed return of service of citation stating that Mother was served in person with the original petition on October 5, 2020, at 5:30

3

p.m., at "904 8th St, [at the] CPS office [in] Levelland." *See* Tᴇx. R. Cɪᴠ. P. 106(a), 107(a). The officer's return is prima facie evidence of proper service. *See N.T. v. Tex. Dep't of Fam. & Protective Servs.,* No. 03-17-00573-CV, 2017 Tex. App. LEXIS 11024, at *11 (Tex. App.—Austin Nov. 29, 2017, no pet.) (mem. op.). In its order of termination, the referring court made a finding that "all persons entitled to citation were properly cited." As such, we conclude that the referring court properly exercised personal jurisdiction over Mother. We overrule her sole issue.

### CONCLUSION

Having overruled Mother's sole issue, we affirm the order of termination.


Judy C. Parker
Justice

4